CASE 3.—ACTION BY M. M. JOHNSON'S COMMITTEE
    AGAINST J. G. JOHNSON TO RECOVER A NOTE.—
    February 9.

## Johnson v. Johnson's Committee

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff. Defendant appeals.
Affirmed.

1. Witnesses—Competency—Husband and Wife—Action Between
    —In an action by a divorced wife against her former husband
    to recover possession of a note, neither the husband nor wife
    were competent to testify on the issue as to whether the note
    was given by the wife to the husband for services performed
    by him for her.
2. Contracts—Validity—Derogation of Marriage—Public Policy—
    An agreement by a wife to give her husband a note in con-
    sideration of his agreement not to defend an action by her
    against him for divorce is invalid, as against public policy.
3. Same—Remedy—Where a wife gave her husband a note in con-
    sideration of his agreement not to defend an action by her
    against him for divorce, the contract, being void as against
    public policy, left the parties with rights as fixed by law, and
    the wife was entitled in equity to recover such note.
4. Husband and Wife—Property Rights—Chose in Action—Reduc-
    tion to Possession—Effect—Under Ky. Stat. 1903, section 2127,
    providing that marriage shall give to the husband during the
    life of the wife no estate or interest in the wife's property,
    real or personal, owned at the time or acquired after the mar-
    riage, the mere reduction by the husband to possession of a
    chose in action belonging to his wife does not give him any
    property rights in or to the same.
5. Same—Property of Wife—Action to Recover—Defenses—Civil
    Code Prac., section 524, providing that every judgment for
    divorce shall contain an order restoring any property, not
    disposed of at the commencement of the action, which either

party may have obtained from the other during marriage, and any property so obtained, without valuable consideration shall be deemed to have been obtained by reason of marriage, and that the proceedings to enforce this order may be by petition of either party, under Ky. Stat. 1903, section 2127, providing that marriage shall give to the husband during the life of the wife no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage, etc., and hence the mere fact that a husband, prior to a divorce from his wife, disposed of a note belonging to her, did not prevent the wife from thereafter recovering from him the note or its equivalent.

E. H. GAITHER for appellant.

W. L. WHITTINGHILL for appellee.

(No briefs in the record.)

OPINION BY JUDGE PAYNTER—Reversing.

Appellant, G. J. Johnson, and Mary M. Johnson were married in 1897. They lived together as man and wife until 1899, when Mrs. Johnson went to the State of Kansas, where she remained for a year, when she instituted a suit against appellant in a court of Kansas for divorce from the bonds of matrimony. An order seems to have been entered granting the divorce. The parties continued to live apart. There was some question as to the validity of the divorce granted by the Kansas court, and appellant instituted an action the Jessamine Circuit Court against appellee for a divorce from the bonds of matrimony on the ground of abandonment. A judgment of divorce was entered. In the judgment a recitation was made as follows: "Both plaintiff and defendant arc hereby restored to all property rights possessed by each of them before their marriage." Subsequently this suit was instituted by appellee, Mary M. Johnson, against

the appellant, to recover the possession of a note for $800 and interest, and by an amended petition she asked that, in the event the note could not be recovered, she be given judgment against the appellant for the amount of the note and interest. Before the appellee left for Kansas she loaned a man by the name of Foster $800, for which he executed a note to her. Subsequently appellant surrendered to Foster the note which he had given to the wife, and had another note executed to himself by Foster for the $800 in lieu of the surrendered note. Appellant resists appellee's right to recover upon the grounds (1) That the wife gave the note which Foster had executed to her to him for money which he had expended on her property, and for labor performed in looking after it for her; (2) that after the wife instituted the suit in Kansas for divorce he threatened to make a defense to the action, unless she confirmed the gift of the note previously made to him; and (3) that as he had disposed of the note which had been executed by Foster to her, and thus converted it to his own use before the judgment of divorce in the Jessamine Circuit Court, no cause of action exists in favor of appellee growing out of the transaction.

Appellant testifies that the note was given to him by her for the money expended and labor performed, as stated. The wife denies this transaction (the testimony of each was incompetent—Buckel v. Smith's Adm'r, 82 S. W., 235; 26 Ky. Law Rep., 494), and introduced some considerable testimony tending to show that appellant did not perform the labor nor expend the money on her property in Jessamine county, as claimed by him. We are of the opinion that he fails

to establish that the note was given to him for the consideration claimed by him.

The court sustained a demurrer to that paragraph of defendant's answer in which he pleaded that she gave him the note to induce him not to interpose a defense to the action in Kansas. We are of the opinion that the court did not err in sustaining the demurrer. The facts, as detailed, did not constitute a good consideration. Such an agreement was against public policy. From the averments in the pleading the gift was not, as a matter of fact, an adjustment of property rights, but simply an inducement to forbear to interpose a defense to the action for divorce, which, he states, would have prevented her from obtaining it.

It is urged by counsel for appellant that, if the transaction is against public policy, then the law will leave the parties where they were found; that equity will not relieve either party from such a transaction. The facts averred do not make a case for the application of that principle of equity. It was simply a void contract. If, at the time the contract was made, the appellee was entitled to recover the note or the amount of it, her cause of action was not destroyed by reason of that agreement. It being void, it left the parties with rights as fixed by law.

As we have said, it is insisted that, under the judgment of divorce in the Jessamine Circuit Court, it simply restored to the parties the property rights possessed by each of them before their marriage, and that the plaintiff is not entitled to recover the note or the amount of it. The language of the judgment does not conform to the requirements of section 425, Civil Code Prac. That section reads as follows: "Every

judgment for a divorce from the bond of matrimony shall contain an order restoring any property, not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The proceedings to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing." This section of the Code was enacted at a time when the husband was entitled to the personal proprty of his wife, providing he reduced it to his possession. Under this section of the Code, property was not to be restored which had been disposed of at the commencement of the action. Since the enactment of this section of the Code the Legislature has enacted statutes regulating the rights of husbands and wives in each other's property entirely different from the statute which was in force at the time of the adoption of the Code, from which we have quoted, section 425.

Section 2127, Ky Stat. 1903, reads as follows: "Marriage shall give to the husband, during the life of the wife, no estate or interest in the wife's property, real or personal, owned at the time or acquired after the marriage. During the existence of the marriage relation the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities, or control of her husband. No part of a married woman's estate shall be subjected to the payment or satisfaction of any liability,

upon a contract made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed of mortgage or other conveyance; but her estate shall be liable for her debts and responsibilities contracted or incurred before marriage, and for such contracted after marriage except as in this act provided.'' Under this section of the statute appellant would not have any interest in or control of the personal property of appellee, whether she owned it at the time of her marriage or after the marriage. The fact that he got possession of the $800 note without valuable consideration would not have divested the appellee of her right to it. The mere reduction of it to his possession would not have given him any property rights in or to the note. Had she died while the husband had the note in possession, it would not for that reason have belonged to him. Had he refused to surrender it to her in her lifetime, she could, by appropriate action, have compelled him to do so. If the husband had not acquired the right to the note by contract, although the judgment for divorce had not provided for the restoration of their respective property, still she could have maintained the action to recover the note or its value, if he had converted it to his own use. The mere fact that he disposed of the note before the judgment of divorce does not prevent appellee from recovering the note or its equivalent. That provision of section 425 of the Code to the effect that property is not to be restored which had been previously disposed of is not operative against the rights of the wife created and fixed by section 2127, Ky. Stats., 1903. So her right to maintain this action is independent of the judgment

granting the appellant a divorce. It exists in virtue of section 2127, Ky. Stats., 1903. Although the court might have adjudged, under section 425 of the Code of Practice, that the appellant would not have been compelled to account to the appellee for the amount of the note, had he converted it to his own use previous to the commencement of the action for divorce, still, under section 2127, Ky. Stats., 1903, which must be read in connection with the Code section supra, this action can be maintained. In the case of Price v. Price, 78 S. W., 888; 25 Ky. Law Rep., 1804, this court held that a husband can become indebted to the wife under the act of 1894, and execute to her an enforceable obligation. This declaration was made in an action wherein the wife sought to recover from the husband the amount of the note which he had executed to her previous to the commencement of the action for divorce. The court based her right to recover upon the statute. The court did not allow her to recover simply because it was a note creating an obligation, but the recovery could have been had on any legal liability which the husband had incurred to the wife previous to the commencement of the action for divorce.

Judgment affirmed.