# Hall v. Hall.

(Decided December 1, 1931.)

M. C. ANDERSON for appellant.

D. FRED WORTH for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

This suit is by a former wife to recover $1,500, the sum she alleges is due by her former husband for money obtained by him from her by reason of the marriage relation. Included in that amount is a note for $500 executed by the husband to her on December 18, 1923.

The court rendered a judgment for $500, with interest from May 25, 1929, the date of the filing of the suit, which is appealed from. When the depositions were taken, the appellant was 78 years old and the appellee 60. It was his second marriage and her fifth matrimonial venture. She divorced her first husband; the second died in the asylum; the third died from an electric shock; the fourth divorced her; as likewise did the fifth, appellee, upon the ground of abandonment. She had assumed the name of her last deceased husband, Rogers, after the divorce from the fourth husband. The parties had known each other about three months before marriage in January, 1923, and she did not disclose to him until a year afterward that she had ever before been married except to Rogers. They lived for a little while in the village of La Center, and later in Paducah, Knoxville, Tenn., in Florida, and in California, and again returned to Bal-

lard county. There was a separation for about six months and then a resumption of the marital relation. It was in January, 1929, that the appellee was granted a divorce on constructive summons, but there was no adjudication of the property rights.

Both parties testified in this suit, and the appellant now insists that his former wife was not competent as a witness under the provisions of section 606, Civil Code of Practice, and that, since she was the sole witness as to her claims in the action, with her testimony eliminated, there was no evidence upon which to base any judgment. The point seems to be well taken. Commonwealth v. Sapp, 90 Ky. 580, 14 S. W. 834, 12 Ky. Law Rep. 484, 29 Am. St. Rep. 405; Buckel v. Smith's Adm'r, 82 S. W. 235, 26 Ky. Law Rep. 494; Johnson v. Johnson's Committee, 122 Ky. 13, 90 S. W. 964, 28 Ky. Law Rep. 937, 121 Am. St. Rep. 449; Jagoe v. Jagoe, 194 Ky. 101, 238 S. W. 185. But the point was waived by failure to file written exceptions as provided by sections 586 and 587 of the Civil Code of Practice. Hembree v. Commonwealth, 210 Ky. 333, 275 S. W. 812; Jefferson County v. Bischoff, 238 Ky. 176, 37 S. W. (2d) 24; Cable Piano Company v. Lewis, 195 Ky. 666, 243 S. W. 924; Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S. W. (2d) 922; Ford v. Ford's Ex'r, 233 Ky. 673, 26 S. W. (2d) 551; Black v. Noel's Adm'x, 240 Ky. 209, 41 S. W. (2d) 1100.

While the petition bases the right of recovery upon the theory of restoration of property received by reason of the marriage, as authorized by section 425 of the Civil Code of Practice, it was not alleged that such property was not disposed of at the commencement of the divorce action. The suit was in reality one for recovery of a debt. Johnson v. Johnson's Committee, 122 Ky. 13, 90 S. W. 964, 28 Ky. Law Rep. 937, 121 Am. St. Rep. 449.

At the time of the marriage, according to Mrs. Hall, she had $1,200 or $1,300 in money and notes. It does not appear, however, whether or not she had any of this at the end of this matrimonial experience. While the plaintiff testified that she had lent her husband "somewhere in the neighborhood of $1,500.00" which he had not repaid, it was disclosed that the claimed loan was spent by her in small sums from time to time for household and personal expenses. Some of it was for their traveling expenses. No attempt was made to show the aggregate of these expenditures. While she stated appellant

promised to repay her, the circumstances related rather negative such a promise on his part. During the period of separation in August, 1926, Mrs. Hall wrote that she would sign a deed to certain property of her husband and return and live with him if he would convey her a $1,000 interest in another piece of property. This proposition was not accepted. Appellant denied any argument to reimburse his wife except as will be noted. No consideration is claimed by appellee for the expenditure of the money other than that it was because of the marriage relation. The same might be said as to the expenditure by the husband during this time of perhaps as much as $5,000, although no claim of a promise to reimburse him was asserted. Except the note now to be considered, the evidence was not sufficient to warrant any judgment against the defendant.

It is agreed all around that the husband executed the $500 note to the wife to cover the cost of furniture paid for by her. It is further shown that each of them owned some additional furniture, and that Mrs. Hall received something like $400 as proceeds of sale of most of this property. In addition she retained certain articles, but of small value. The proceeds of the furniture were not credited on the note, however, for the reason, as claimed by Mrs. Hall, that her husband borrowed it from her. This he denies. It does appear that she paid $225 to the bank on a note for $250 due by her, and that he paid the balance of $25. A week following the letter above mentioned, Mrs. Hall wrote a daughter of her husband, again declining to sign the deed until he paid what he owed her. That was therein recited as being the $500 note credited by $225 which he had paid on her note at the bank. We cannot tell just how much the proceeds of the furniture amounted to; but Mrs. Hall here admits payment of $225, and $25 additional is also conceded. This was shown to have been received by Mrs. Hall about November 15, 1926.

The judgment for $500 does not indicate that it was intended to cover the note alone, for it awards interest thereon only from the date this suit was filed. We are of the opinion the judgment should have been for the amount of the note with credit of $250 as of November 15, 1926.

Wherefore the judgment is reversed, with directions to enter one in accordance with the views expressed.