## Patrick, et al. v. Prater.

(Decided October 12, 1911.)

Appeal from Magoffin Circuit Court.

Resulting Trusts.—Under section 2353 of the Kentucky Statutes, providing that when a deed shall be made to one person and the consideration shall be paid by another, if the grantee takes the deed in his own name without the consent of the person paying the consideration or in violation of some trust, the parol agreement of the grantee to hold it for the use and trust for the one furnishing the consideration is valid and enforcible.

J. H. SUBLETT and D. D. SUBLETT for appellants.

BYRD & HOWARD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In March, 1903, John Fairchild conveyed to Lee Patrick a house and lot for the recited consideration of $425, and in September, 1904, Lee Patrick conveyed this property to the appellant, Thomas H. Patrick and his wife for $750. In June, 1905, the appellee, who was then the wife of Lee Patrick—having married him several years before—brought suit for divorce and alimony, and also to recover the amount of a note he had executed to her. In 1906 a judgment was rendered, divorcing appellee and adjudging that "The plaintiff, Rosa Patrick, recover of the defendant, Lee Patrick, the sum of $1,400 with interest thereon from the 15th day of August, 1905, and her costs." It further provided that "the said sum of $1,400 with its interest is when fully paid to be in full of alimony claimed by plaintiff in this suit and in full of the note owing by Lee Patrick to the defendant named in the plaintiff's petition; plaintiff retaining and holding as her absolute property one-half of the house and lot

and kitchen furniture formerly owned by the plaintiff and defendant, and also one bay mare which is now in the possession of the plaintiff.''

This judgment in so far as the property and money involved is concerned was entered pursuant to an agreement made between the parties. In 1908 the appellee brought this suit against Lee Patrick and Thomas Patrick, in which she set up that she paid one-half of the purchase money to John Fairchild for the house and lot before mentioned, and that it was agreed that the deed for said property should be.made jointly to herself and her husband, Lee Patrick, but that in violation of the agreement Lee Patrick had the title conveyed to himself, which fact she did not discover until late in the year 1907. She further averred that she refused to join in the conveyance of the property to Thomas Patrick, and that he was fully advised at the time of and before his purchase thereof from Lee Patrick that she owned an undivided one-half interest in said property. She asked that the deed from John Fairchild to Lee Patrick be corrected so as to .convey to her an undivided one-half interest in the property, and that the deed from Lee Patrick to Thomas H. Patrick be reformed so as to convey only an undivided one-half interest in the property, and, as the property was indivisible she asked that it be sold and the proceeds divided equally between herself and Thomas H. Patrick. From a judgment granting her the relief sought this appeal is prosecuted.

The appellee testified that one-half of the purchase price of the property when it was bought from John Fairchild was paid by her, and detailed fully how and from whom she obtained the money. She further testified that it was distinctly agreed between herself and husband.that the deed was to be made to them jointly and that she believed it had been so made until shortly before the suit was brought. She did not join in the conveyance of the property to Thomas H. Patrick—the deed being made by Lee Patrick alone; and she testifies that she refused to join in the deed unless Thomas H. Patrick would pay her one-half of the purchase price, informing him at the time that she had paid one-half of the purchase price for the property and that she owed an undivided one-half interest in it. Her statements are corroborated in every essential particular by the evidence of Lark Howard, Julia Adams and Silas Fletcher.

On the other hand, Lee Patrick testifies that the ap-

pellee did not pay any part of the purchase price to Fairchild—the whole of it being paid by him, and that there was never any agreement that the title should be conveyed jointly to himself and appellee. He also says that she was present when the property was sold to Thomas H. Patrick, and did not claim that she owned any interest therein or object to the deed being made or object to the sale. Thomas H. Patrick testified that although appellee refused to sign the deed she did not assign any reason for so doing, nor did she claim to have any interest in the property.

We think the evidence warranted the lower court in giving the judgment complained of. Nor did the proceedings in the divorce suit affect appellee's right to recover this property. It does not appear from the record that this property was in any manner involved in the divorce proceedings or that the judgment in that action determined in any manner appellee's interest in this property or her right to recover it.

The point, however, is made by counsel for appellant that if it should be assumed Lee Patrick agreed that the deed from Fairchild should be made to himself and his wife, this agreement was void. But it is provided in section 2353, of the Kentucky Statutes, that—

"When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another persons."

This statute has been construed in a number of cases and the uniform ruling has been that a parol agreement of the grantee in the conveyance to hold it for the use and trust of the one furnishing the consideration is valid and enforcible. Smith v. Smith, 121 S. W., 1003; Campbell v. Campbell, 79 Ky., 395; Webb v. Foley, 20 Ky. Law Rep. 1207.

Wherefore, the judgment is affirmed.