## Erdman, et al. v. Kenney.

(Decided June 16, 1914.)

### Appeal from Fayette Circuit Court.

1. Trusts—Express Trusts—Validity of Oral Trusts.—A parol promise of the grantee in a conveyance of land to hold it in trust for the one furnishing the consideration, is valid. So, where a father advanced to his daughter out of his estate money to pay unpaid sale bonds against land bought by her at decretal sale, and she thereupon assigned her bid and purchase to him and directed that the deed be made to him upon his parol agreement to hold the title in trust for her, an enforceable parol trust was established.

2. Trusts—Constructive Trusts—Contracts and Transactions Between Persons in Confidential Relations.—Where a father takes advantage of the parental relation and confidence existing between him and a daughter, and obtains by virtue of his parol promise to hold in trust for her, a conveyance to himself, upon the payment of $2,119, of land purchased by the daughter at decretal sale, and which was reasonably worth five thousand dollars, equity will raise a trust by construction and decree an execution thereof.

3. Trusts—Resulting Trusts.—A resulting trust is one arising on the naked fact that one furnishes the consideration and the title is taken to another, without any agreement as to the use of trust. Such trusts are forbidden by Ky. Stat., Sec. 2353.

R. S. CRAWFORD for appellants.

ALLEN & DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Lizzie K. Erdman and her husband, J. E. Erdman, instituted this suit in equity in the Fayette Circuit Court against W. M. Kenney, the father of Mrs. Erdman, alleging that on February 4, 1898, a tract of land containing one hundred and six acres, in Fayette County, was sold at decretal sale in the settlement of the estate of J. A. Erdman, father of J. E. Erdman, at which sale, Lizzie K. Erdman became the purchaser of the land mentioned; that she assigned her bid and purchase as to seventy-five acres thereof to one Coleman in consideration of the payment by him of the sum of $6,369.90 upon the purchase price of the lands bid in by her; that as to the remaining thirty-one acres, which was reasonably worth the sum of five thousand dollars, she "did not have the ready money to pay the balance of the purchase price,

$1,631.10;" that she thereupon entered into an agreement with her father, the defendant, by the terms of which he agreed to pay the balance of the sale bonds, charging the amount thereof to her as an advancement out of his estate, she to assign to him her bid and purchase as to the thirty-one acres, and he to take the legal title thereto in his own name, to hold the same in trust for her.

It was further alleged that pursuant to this agreement, the defendant paid the balance of the sale bonds, and executed and delivered to Mrs. Erdman a writing which is as follows:

"December 8, 1899. This is to certify that my daughter, Lissie K. Erdman, is to be charged at my wife's and my death for land formerly owned by J. A. Erdman, containing about thirty-one acres, two thousand one hundred and nineteen dollars; and any additional amount which I add to it shall also be charged to her in the settlement of my estate."

It was further alleged that she thereupon assigned to him her bid and purchase of said thirty-one acres, and on January 22, 1900, he took the legal title in his own name subject to his promise to hold it in trust for her; that the plaintiffs were at that time, and for more than eight years continuously under said contract, have been in the possession and actual occupancy of the thirty-one acres mentioned; that the defendant is now old, and under the influence of others, and is endeavoring to encumber the property by mortgage to the extent of two thousand dollars.

The plaintiffs sought to have a trust decreed in accordance with the terms of the agreement alleged, and to restrain the defendant from acts inconsistent with such trust relation and holding.

The petition was filed and summons issued thereon, on July 28, 1908; and summons was returned "Not found, March 22, 1909." On June 5, 1913, the defendant filed a general demurrer to this petition, and on June 28, 1913, the same was sustained with leave to amend within ten days. On December 13, 1913, an order was entered dismissing the petition, the same not having been amended; and from this order, the plaintiff appeals.

1. It seems that the agreement alleged to have been made by defendant to hold the legal title of the thirty-one acres in trust for his daughter was created by parol.

The writing mentioned contains no express promise to this effect, although it is not inconsistent with such a promise, as it seems to preclude any intention upon the part of the defendant to claim the land as his own, or to dispose of it by will or otherwise. Had such been his intention, it is manifest that such a writing would not have been executed.

The question is, therefore, whether an enforceable trust may be established by the parol agreement of a father to hold in trust for his daughter the legal title to land purchased with money given by him to her as an advancement out of his estate.

In the case of Sherley v. Sherley, 97 Ky., 512, 31 S. W., 275, 17 R., 450, it was held that where a father bought land and paid for it himself, taking the title to himself, an enforceable trust thereon could not be established by proof of his parol declaration of a purpose to give the land to his son, made at the time of, or after the purchase

But, in Smith v. Smith, 121 S. W., 1002, the court said:

"Whether a trust in land may be created by parol in this State has been much debated; and the cases do not seem to be reconcilable upon principle. Still, it is firmly fixed as the law of this State that such trusts may be created under certain conditions, but not under all conditions. It is not necessary now to set out the distinctions further than to show that this case belongs in the former class. The question was rather fully discussed in Sherley v. Sherley, *supra*. The cases are collected there. From them is will be found that where one furnishes the consideration, a valuable consideration, to buy land, a parol agreement of the grantee in the conveyance to hold it for the use and in trust for the one furnishing the consideration is valid." To the same effect, see also Patrick v. Prater, 144 Ky., 771, 139 S. W., 938.

This rule is applicable to the facts pleaded in the case at bar. If the father gave to the daughter the money which paid for this thirty-one acres, as an advancement out of his estate, and it was so accepted by her (and it is in substance so alleged and the allegation apparently borne out by the writing), then and in that event, it was her money that paid for the land, not his; and in such case, an enforceable trust may be created by the father's parol promise to hold the legal title thereto in trust for his daughter.

2. Nor is such a transaction a resulting trust within the purview of Kentucky Statutes, section 2353, abolishing resulting trusts.

A resulting trust is one arising from the naked fact that one furnishes the consideration while the title is taken by another, without any agreement as to the use or trust. Smith v. Smith, *supra*.

Such is not the state of fact in the case at bar. Here is charged an express parol promise by the father to hold the legal title to the land mentioned, in trust for his daughter who furnished the consideration therefor.

3. Moreover, even if the money with which the land in question was paid for was not given to the daughter by the father as an advancement out of his estate as the writing mentioned would seem to indicate, but was in point of fact the defendant's own money, still, it would be a constructive fraud for the defendant to take advantage of the parental relation and confidence existing between father and daughter, and by virtue of a promise to hold the same in trust for her, upon the payment of $1,631.10 or $2,119.00 (which ever it may have been), to obtain a conveyance to himself of land purchased by her at decretal sale, which was reasonably worth five thousand dollars.

"If a person obtains the legal title to property by such arts or acts or circumstances of circumvention, imposition or fraud, or if he obtains it by virtue of a confidential relation and influence, under such circumstances that he ought not, according to the rules of equity and good conscience as administered in chancery, to hold and enjoy the beneficial interest of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances and relations; and this trust they will fasten upon the conscience of the offending party, and will convert him into a trustee of the legal title, and order him to hold it, or to execute the trust in such a manner as to protect the rights of the defrauded party and promote the safety and interests of society." Pomeroy on Equity Jurisprudence, section 1044.

For the purpose of this opinion, the allegations of the petition have been treated as true upon the demurrer.

The chancellor erred in sustaining the demurrer and in dismissing the petition upon plaintiffs' declination to plead further.

Judgment reversed.