## Meadors v. Meadors' Admr., et al.

(Decided October 11, 1921.)

### Appeal from Lincoln Circuit Court.

1. Appeal and Error—Finding of Chancellor—Sufficiency of Evidence. —Where, in an action to enforce a parol trust in real estate, the defendant counterclaimed for sums paid to plaintiff and to others

for his benefit, evidence examined and held to sustain the finding of the chancellor rejecting the counterclaim.

2.  Trusts—Express Trusts—Abolition of Resulting Trusts.—Under Kentucky Statutes, section 2353, which abolishes resulting trusts without affecting any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person, a parol agreement of the grantee in the conveyance to hold the property in trust for the use of the one furnishing the consideration, is valid and enforceable. '

3.  Trusts—Parol Trusts—Weight of Evidence.—To establish a parol trust in real estate the evidence must be clear and convincing.

4.  Trusts—Parol Trusts—Sufficiency of Evidence.—In an action by a father to enforce a parol trust in land alleged to have been conveyed to his son under a parol agreement, by which the son was to take the title and hold the property subject to the order of the father, and convey the property at the father's request, the positive evidence of the father, coupled with the admissions of the son, held sufficient to establish the trust.

JAMES DENTON for appellant.

T. J. HILL and STEPHENS & STEELEY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Thomas Meadors brought this suit against his son, John R. Meadors, to recover certain tracts of land which he alleged were conveyed to his son under an oral agreement by which his son was to take the title, hold the property subject to the order of plaintiff and convey the property at plaintiff's request. In his answer and counterclaim defendant admitted that he agreed to hold certain designated tracts of land subject to the order of plaintiff, but denied that he was to convey the same at the pleasure of plaintiff. He further alleged that plaintiff was indebted to him in various sums, aggregating about $2,000.00, and it was agreed between them that this indebtedness should be paid before he was required to convey the property to plaintiff. This pleading contained the further allegation that the land was conveyed to defendant for the fraudulent purpose of defeating plaintiff's creditors. During the pendency of the action Thomas Meadors died and the cause was revived in the name of his widow and heirs. The case was referred to the master commissioner, who filed a report rejecting the claim of defendant. Defendant's exceptions to the report were overruled and judgment was rendered in favor of plaintiffs. Defendant appeals.

It appears that about the year 1890 Thomas Meadors was the owner of certain tracts of land in Whitley county, which he conveyed to the defendant. Afterwards these lands were sold and the proceeds invested in the lands in question. Though the title was held in the name of the defendant, the father took and retained possession of the title papers. Some few months before this suit was brought, the father was ill and defendant came to his house and took possession of the title papers. When his father recovered, he instituted this suit.

It is first insisted by defendant that the commissioner and the lower court erred in dismissing his counterclaim. The point is made that the exhibits introduced show beyond dispute that the sums sought to be recovered were actually paid by him to his father or to others for his father's benefit. It is true that the exhibits show that the payments were made, but the father testified that they were paid out of his money. On the other hand, defendant claimed that they were paid from the proceeds of property which he himself owned. On this point the defendant's evidence is not convincing. He admits holding the lands for the benefit of his father. He admits receiving large sums from the proceeds of prior sales. While he claims to have accounted for all the sums so received, he does so only in a general way without showing any specific payments. Furthermore, the sources from which he claims to have derived his own funds are not satisfactorily accounted for. Viewing defendant's evidence as a whole, we are constrained to the view that it is just as consistent with the theory that the payments were made out of the father's money as with the theory that they were paid out of defendant's money. That being true, we see no reason to disturb the finding of the chancellor.

Another contention of defendant is that no trust can arise in this case because prohibited by section 2353, Kentucky Statutes, which is as follows:

"When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee in violation of some trust, shall have purchased the lands deeded with the effects of another person."

This statute has been before the court in a number of cases, and the uniform ruling has been that a parol agreement of the grantee in the conveyance, to hold the property in trust for the use of the one furnishing the consideration, is valid and enforceable. Patrick, et al. v. Prater, 144 Ky. 771, 139 S. W. 938; Smith v. Smith, 121 S. W. 1003; Campbell v. Campbell, 79 Ky. 395; Webb v. Foley, 49 S. W. 40, 20 Ky. L. R. 1207. And while it is true that to establish a parol trust in the circumstances here presented the evidence must be clear and convincing, Holtzclaw v. Wells, 166 Ky. 353, 179 S. W. 193, there can be no doubt that the positive testimony of the father, coupled with the admission of the defendant, is sufficient to meet the requirements of the rule.

We find no merit in the contention that Thomas Meadors conveyed the property in question to defendant for the fraudulent purpose of defeating his creditors.

Judgment affirmed.