WILLIAM S. HONAKER v. LEE L. MILES and MARY TAGGART HONAKER.

171 So. 212.
Division B.
Opinion Filed May 31, 1936.
On Rehearing December 5, 1936.
Rehearing Denied December 23, 1936.

*McKay, Macfarlane, Jackson & Ramsey,* for Appellant; *Phillips & Thompson* and *Bucklew & Allison,* for Appellees.

BUFORD, J.—This case is before us on appeal from final decree in foreclosure suit in which the court adjudicated the property rights between parties who had been husband and wife and who were the mortgagors, but who had been divorced by decree of the Kentucky courts without adjudication of property rights, which decree was entered while the foreclosure suit was pending. That equitable property rights existing between a husband and wife prior to divorce may be adjudicated by a court of chancery, is well settled in this State in the cases of Carlton v. Carlton, 78 Fla. 252, 83 Sou. 87; Taylor v. Taylor, 100 Fla. 1009, 130 Sou. 713, and Heath v. Heath, 103 Fla. 1071, 138 Sou. 796.

Ordinarily such property rights would not be adjudicated between defendants in a foreclosure suit, but in this case a stipulation was entered into between all the parties to the suit, as follows:

"STIPULATION.

"It is hereby understood and agreed by and between Bucklew and Allison, solicitors for the plaintiff in the above cause, and Phillips and Thompson, solicitors for Mary Taggart Honaker, one of the defendants, and Jackson, Dupree and Cone, solicitors for William S. Honaker, one of the defendants, as follows:

"The defendants, by their counsel, agree that they will proceed without unnecessary delay to have adjudicated their

respective rights in the property described in the bill of complaint and the plaintiff, by his counsel, hereby agrees that he will not apply to the court for decree of foreclosure until the respective rights of the defendants herein to the property described in the bill of complaint have been adjudicated in this suit."

And also another stipulation, as follows:

"It is hereby understood and agreed by and between Bucklew and Allison, solicitors for the plaintiff in the above cause, and Phillips and Thompson, solicitors for Mary Taggart Honaker, one of the defendants, and Jackson, Dupree and Cone, solicitors for William S. Honaker, one of the defendants, as follows:

The defendants, by their counsel, agree that they will proceed without unnecessary delay to have adjudicated their respective rights in the property described in the bill of complaint and the plaintiff, by his counsel, hereby agrees that he will not apply to the court for decree of foreclosure until the respective rights of the defendants herein to the property described in the bill of complaint have been adjudicated in this suit."

It therefore follows that as a court of equity has jurisdiction to determine and adjudicate property rights between persons who have occupied the position of husband and wife and have accumulated property by their joint efforts while that condition existed, such property rights may be determined between such parties even in foreclosure proceedings, if all the parties to such proceedings agree, for the sake of convenience and to avoid multiplicity of suits, that such determination may be had therein. It appears that such course was justified in the instant suit because the property which was the subject of foreclosure was the property in which it was claimed the wife had an equitable

interest and that for that interest to be of any value to her it was necessary that it be determined before the right of redemption from the lien of the mortgage had expired.

In Sharp v. Sharp, 65 Okla. 76, 166 Pac. 175, it was held:

"A decree of the Circuit Court of the State of Oregon, in a suit for divorce in which both parties appeared, which attempts to settle the defendant's equitable rights to lands in Oklahoma, insofar as such decree relates to the lands in Oklahoma, is *coram non judice* and void, and as such is not *res judicata* of the same claim in an action in Oklahoma between the same parties and involving the same land."

In Annotated Cases 1917A, page 1243, we find the legal enunciation supported by authorities, as follows:

"However, a decree of divorce which does not purport to make a partition of property between the husband and wife, or to adjust and settle their rights to property claimed by either, does not preclude a separate suit by either party for such a partition, or for the restoration of property held by the other spouse. DeGodey v. Godey, 39 Cal. 157; Kirshner v. Deitrich, 110 Cal. 502, 42 Pac. 1064; Patrick v. Prater, 144 Ky. 771, 139 S. W. 938; Judd v. Judd (Mich.) 158 N. W. 948; Whitstone v. Coffey, 48 Tex. 269; Gray v. Thomas, 83 Tex. 246, 18 S. W. 721; Hicks v. Hicks, 69 Wash. 627, 125 Pac. 945. See also Coats v. Coats, 160 Cal. 671, 118 Pac. 441, 36 L. R. A. (N. S.) 844; Golding v. Golding, 82 Ky. 51; Thomas v. Thomas, 27 Okla. 784, Ann. Cas. 1912C 713, 109 Pac. 825, 113 Pac. 1058, 35 L. R. A. (N. S.) 124."

In Glass v. Glass, 4 Cal. Ap. Reports, 604, 88 Pac. 734, it was held:

"Although, in an ordinary action for divorce, the court has no jurisdiction to dispose of the separate property of either party, yet, where the wife instituted a dual action for

divorce, and to quiet her title against the husband to one-half of the property conveyed to her by the husband as her separate estate, and issues were joined upon the complaint and upon the cross-complaint of the husband claiming title to the whole property, and the case was tried upon its merits without objection by either party, the court had power to determine the issues and to award the whole property to the husband as rightful owner."

The appellant has stated six questions, the first two of which challenge the admissibility of testimony taken after appellant contends the time in which to take same had elapsed. The court appears to have construed the stipulations hereinbefore referred to as a waiver of any question of time in which the taking of testimony or any other steps in the cause should be had. The stipulations, when taken together with letters introduced in the record and the testimony, shows that there was substantial foundation for the conclusions reached by the chancellor in this behalf.

All other questions presented resolve themselves into one which is, "Is the decree of the chancellor supported by substantial evidence?" We find that it is, and therefore, find no reversible error.

The decree should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., dissents as to conclusion of allowance of $2,-000.00, but concurs in opinion as statement of law.

### On Petition for Rehearing.

Per Curiam.—The decree of the Circuit Court in this cause was affirmed by this Court May 21, 1936. A petition for rehearing was filed and granted.

On consideration of the case after hearing of arguments and reconsidering the case after rehearing granted, Mr. Chief Justice Whitfield, Mr. Presiding Justice Ellis and Mr. Justice Terrell are of the opinion that the decree of the Circuit Court should be affirmed, while Mr. Justice Brown, Mr. Justice Buford and Mr. Justice Davis are of the opinion that the said decree should be modified before it is affirmed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 Sou. Rep. 51, that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

Whitfield, C. J., and Ellis, Terrell, Brown, Buford and Davis, J. J., concur.