## Hancock, et al. v. Chapman, et al.

(Decided May 10, 1916.)

### Appeal from Henderson Circuit Court.

1. Appeal and Error—Review—Depositions—Exceptions—Waiver.— Unless exceptions to a deposition be taken below and passed on by the trial court, and an exception saved to his rulings, such exceptions are waived, and this court will treat the case as if no question had been made as to the competency of the witness or the admissibility of his testimony.

2. Fraudulent Conveyances—Statutes.—Under section 1907 of the Kentucky Statutes a transfer by a debtor of personal property without valuable consideration is void as to his existing liabilities.

3. Fraudulent Conveyances—Evidence.—In an action against the estate of an intestate involving a fraudulent transfer of personal property, evidence examined and held to show that the transfer was without valuable consideration.

4. Limitation of Actions—Fraudulent Conveyances—Statutes.—An action to set aside a fraudulent conveyance of personal property is not controlled by section 2515 of the Kentucky Statutes making the limitation five years in actions for the specific recovery of personal property, but is controlled by sections 2515 and 2519 relating to actions for relief for fraud.

5. Limitation of Actions—Fraudulent Conveyances.—An action to set aside a fraudulent conveyance brought within five years after the fraud was discovered, or could have been discovered by the exercise of reasonable diligence, and within ten years from the time the fraud was perpetrated, is not barred, although the transferee may have had possession of the personal property for more than five years.

6. Executors and Administrators—Fraudulent Conveyances—Creditor's Suit—Fund Recovered—Subjection of Fund—Proper Method. —In an action by a creditor against the personal representative of an intestate and others, in which a fraudulent transfer of personal property is set aside, the recovery inures to the benefit of all the creditors of the estate who may show themselves to be entitled to share therein; and it is error to subject the property recovered to the payment of plaintiff's debt alone until it is judicially determined, in the manner pointed out by the Code, that there are no other debts for which the property is liable.

MONTGOMERY MERRITT for appellants.

DRURY & DRURY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing both on original and cross-appeal.

On October 5th, 1896, A. Jones Chapman executed and delivered to Chapman & Son a promissory note, by which he agreed to pay them one day from date the sum of $1,150.25 with interest from date. On this note appear two credits, one of $147.73, dated January 15th, 1898, and another of $150.00, dated May 16th, 1899. A Jones Chapman died intestate on December 26th, 1912. On March 24th, 1913, Aaron Hancock qualified as his administrator.

This suit was brought by Chapman & Son, a partnership composed of Gibson Chapman, Mrs. Ann Chapman, and Mrs. Ella Williams, against the administrator and heirs of A. Jones Chapman to recover on the note in question. Judgment was rendered in favor of plaintiffs, and a fund of $1,000.00 on deposit in the Corydon Deposit Bank was ordered subjected to the satisfaction of plaintiffs' debt. Certain furniture which the intestate had given to his niece, Eleanor Hancock, was adjudged to be her property. From that portion of the judgment subjecting the $1,000.00 to the satisfaction of plaintiffs' debt the administrator and Eleanor Hancock appeal. Plaintiffs prosecute a cross-appeal from that portion of the judgment awarding the furniture to Eleanor Hancock.

It appears that suit was not brought until more than fifteen years after the note became due, and one of the defenses interposed is the plea of limitation. The sufficiency of this plea depends on whether or not the sums represented by the credits of January 15th, 1898, and May 16th, 1899, were actually paid on those dates. The above sums not only appear as credits on the note itself but also appear on the regular books of Chapman & Son. Gibson Chapman, one of the firm, testifies that the sums credited on the books were payments on the note. There can be no doubt that this evidence is sufficient to sustain the finding of the trial court that each of the payments was made on the date that it appears as a credit on the note. But in view of the fact that the maker of the note was dead, it is insisted that the witness was not competent to testify that the credits on the books were payments on the note. We find, however, that no exceptions were filed to the deposition of this witness. It is well settled that exceptions to depositions cannot be taken for the first time in the Court of Appeals. On the contrary, unless exceptions be taken below and passed on by the trial court, and an exception saved to his rulings, such exceptions are waived, and this court will treat the

case as if no question had been made as to the competency of the witness or the admissibility of his testimony. Section 589, Civil Code; Webber, &c. v. Webber, 1 Metcalfe 18; Russell's Heirs v. Mark's Heirs, &c., 3 Metcalfe, 38; Corn, etc. v. Sims, etc., 3 Metcalfe, 391; Lewis v. Wright, 3 Bush 311; Patterson v. Hansel, 4 Bush 654; L. & N. R. R. Co. v. Graves, 78 Ky. 74; L. & N. R. R. Co. v. Montgomery, 17 R. 807; Bronston's Admr., et al. v. Bronston's Heirs, 141 Ky. 639, 133 S. W. 584; Hatfield's Admr. v. Hatfield, 166 Ky. 761, 179 S. W. 832. It follows that the trial court did not err in holding that the fifteen-year statute of limitation did not apply.

Another defense is the plea of the five-year statute of limitation, based on the contention that the thousand dollars on deposit, as well as the furniture in question, became the property of Eleanor Hancock more than five years before suit was brought, It appears that A. Jones Chapman was a devisee under his wife's will. On January 20th, 1909, he, in consideration of $1.00, cash in hand paid, and love and affection and "other good and valuable considerations," assigned all of his interest in the personal property which he received from his wife to his niece, Eleanor Hancock. It further appears that a controversy which had arisen between A. Jones Chapman and other beneficiaries under his wife's will was settled on March 15th, 1909, by a contract in writing. By this contract his wife's relatives agreed to pay him $2,000.00 and surrender all of the furniture. On the other hand, he agreed to release all of his interest in his wife's real estate. By written endorsement on this contract he assigned all the property received through the compromise to his niece, Eleanor Hancock. There is also oral evidence to the effect that A. Jones Chapman was indebted to his wife's estate in a sum greater than that devised to him, and that the compromise was made on the condition that he convey the property to his niece; but neither the value of the estate nor the amount of his indebtedness is shown. The $2,000.00 paid to the intestate was deposited in a Louisville bank to his credit as trustee. He seems to have spent about $1,000.00 of this money for his own purposes. He then transferred the remaining $1,000.00 to the Corydon Deposit Bank, where, at the time of the institution of this action, $300.00 appeared to his individual credit and $700.00 to his credit as trustee. The money itself was never turned over to Eleanor Hancock, nor did

the plaintiffs know anything of the attempted transfer until after this action was brought. The evidence utterly fails to show that the intestate, at the time of the transfer, was indebted to his niece in any sum whatsoever, or that there was any substantial consideration for the transfer.

So far as the contract between the intestate and the beneficiaries is considered, it merely shows a compromise by which the intestate received $2,000.00 and the furniture. The only consideration for this compromise was the release by the intestate of his interest in his wife's real estate. Even if there was an oral understanding that the money and furniture were to be turned over to Eleanor Hancock, the parties could not annex to the compromise a condition to the prejudice of the intestate's creditors. When this property was paid to the intestate it became subject to his debts, including that of plaintiffs, and any transfer thereof without valuable consideration therefor was void as to his existing liabilities. Section 1907, Kentucky Statutes; Trimble v. Ratcliff, 9 B. Mon. 511; Enders v. Williams, 1 Metcalfe 346; Lowry v. Fisher, 2 Bush 70; Yankey v. Sweeney, 85 Ky. 55. As A. Jones Chapman did not turn the money over to his niece but retained possession of it himself, the question whether section 2515 of the Kentucky Statutes, prescribing a five-year period of limitation in case of actions brought for the specific recovery of personal property, is not presented insofar as the money is concerned. It is insisted, however, that this statute does apply to the furniture which was turned over to his niece, and that the trial court properly ruled that this furniture belonged to her. This contention is without merit. The suit is not one for the specific recovery of personal property, but is a suit to subject to the intestate's debts certain property which was transferred in fraud of his creditors. It is essentially an action for relief for fraud, and is controlled by that portion of section 2515 of the Kentucky Statutes relating to such actions and providing a five-year limitation period therefor, and section 2519 of the Kentucky Statutes, which further provides that such an action shall not be deemed to have accrued until the discovery of the fraud, and that in no event may such an action be brought ten years after the perpetration of the fraud. Here the plaintiffs did not learn of the fraud until after suit was brought and had neither the means

nor opportunity to discover it before that time. It is clear, therefore, that suit was brought not only within less than five years after the fraud was discovered, but within less than five years after it could have been discovered by the exercise of reasonable diligence, and also within ten years from the time that the fraud was perpetrated. Cavanaugh v. Britt, 90 Ky. 273, 13 S. W. 922; Reid v. Singer Mfg. Co., 128 Ky. 50. It, therefore, follows that the plea of limitation was not available, and that the trial court erred in adjudging the furniture to be the property of Eleanor Hancock.

It appears from the judgment that plaintiffs were not only awarded a recovery against the administrator for the amount of their debt, but that the thousand dollar fund was subjected to the payment therefor. One creditor of an estate cannot sue the administrator and others and recover property fraudulently transferred by the intestate, and subject this property to the payment of his debt alone to the prejudice of other creditors who may be entitled to share therein. Such a suit will be regarded as a suit to settle the estate and the recovery will inure to the benefit of the other creditors. That being true, the money on hand should not have been subjected to plaintiffs' debt alone until it was judicially determined, in the manner pointed out by the Code, that there was no other debts for which the fund was liable.

Judgment reversed both on the original and cross-appeal, and cause remanded for proceedings consistent with this opinion.