## Keeton, et al. v. Mahan, et al.

(Decided October 9, 1917.)

### Appeal from Whitley Circuit Court.

1. Appeal and Error—Bills and Notes—Cancellation—Finding of Chancellor—Evidence—Sufficiency.—In an action to cancel a note on the ground of payment, evidence considered and held to support the chancellor's finding that the note had been paid.

2. Appeal and Error—Exceptions to Depositions—Necessity of Ruling—Waiver.—On appeal, an error in the admission of improper evidence by deposition is waived, unless an exception is saved and acted on by the trial court.

H. C. GILLIS for appellants.

TYE, SILER & GATLIFF for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

 ·Plaintiffs, A. C. Mahan and J. M. Mahan, brought this suit against the Bank of Williamsurg, ·C. H. Keeton and Ed. Cowles, to cancel two notes for $1,000.00 each, dated January 15, 1908, and payable respectively in one and two years from date, on the ground that the notes had been paid. Judgment was rendered in favor of plaintiffs, and only Keeton and Cowles appeal therefrom.

The notes in question were executed by A. C. Mahan, with his co-plaintiff, J. M. Mahan, as surety, to E. E. Nelson, in payment for stock in the Williamsburg Electric Light Company, which A. C. Mahan had purchased from Nelson. At the same time H. C. Keeton, son of the defendant, C. H. Keeton, purchased other stock in the said company, of Nelson, and executed to Nelson therefor six notes of $1,000.00 each. Nelson endorsed and delivered the eight notes to the Bank of Williamsburg, and received therefor $8,000.00 in cash. The bank made no record of this transaction except the credit on Nelson's pass-book. The eight notes were placed in the cash drawer and held and treated by the bank as cash, it being claimed by the defendant, Keeton, that they were to be held until sold to other parties, while plaintiffs claim that their notes were to be held until they could arrange to take the notes up. It is unnecessary to consider the evidence with reference to the $1,000.00 note, payable one year from date, since the bank is not appealing from the judgment and neither Keeton nor ·Cowles is asserting any interest in that note. The Mahans testify that they executed the note for $1,000.00 to Mrs. Eliza Phillips, for the purpose of satisfying the $1,000.00 note payable two years from date, and a copy of the note so executed is filed with the deposition of A. C. Mahan. About that time Mrs. Phillips had a certificate of deposit on the Bank of Williamsburg for $3,000.00. She returned this certificate to the bank and accepted another for $2,000.00, thus paying the bank $1,000.00. This transaction is admitted by Keeton, but he claims that the $1,000.00 was borrowed by the Mahans for the purpose of paying the difference in a land swap, which J. M. Mahan made with S. E. Mahan, and that he delivered the money to J. M. Mahan in two packages of $500.00 each. On the other hand, J. M. Mahan and S. E. Mahan testified that the transaction with Mrs. Phillips took place about a month before the land trade, and that the difference in price between the two pieces of property which they exchanged was paid by check on April 20, 1908. Keeton claims to have acquired title to

the note in question in the following manner: Keeton was the assistant cashier of the bank, and in some way the note became mixed with his private papers. As the note was being carried as cash, its loss made a shortage in the cash, which he was compelled to pay to the bank. The loss was not immediately discovered, because on February 7, 1908, Keeton credited the American National Bank of Louisville with a draft for $2,384.50, instead of $3,384.50, thus making an error of $1,000.00, which should have thrown the cash over to that amount. While the bank examiner was auditing the bank's books, Keeton claims to have called his attention to the error in the account of the American National Bank. Prior to the discovery of this error, the books balanced because the error was offset by the absence of the note in question. At that time, however, Keeton was unable to explain the shortage because he did not know that the note had been lost. About four years thereafter, in looking over his private papers, he found the note in question. Thereafter he assigned the note to his son-in-law, Cowles, who before the evidence was taken in this case, reassigned it to Keeton.

Counsel for Keeton contends that the evidence of plaintiff is wholly insufficient to show payment of the note in question, because neither of them claims to have been present when the transaction between the bank and Mrs. Phillips took place. There might be some merit in this contention, were it not for the fact that Keeton himself admits the payment of the $1,000.00 to the bank, the only question in dispute being the purpose for which it was paid. When the old certificate of deposit for $3,000.00 was surrendered and the new certificate for $2,000.00 was issued to Mrs. Phillips, one thing is certain, the difference of $1,000.00 was either turned over to the bank for a particular purpose, which the circumstances show could have been none other than the payment of the note in question, or without any check or entry on the books showing such transaction, the money, at the direction of Mrs. Phillips, was handed to J. M. Mahan in two packages of $500.00 each, for the purpose of paying the difference in the land trade, which he had with A. C. Mahan. On this question, Keeton testifies one way, and J. M. Mahan the other. But in view of the fact that all the circumstances tend to refute Keeton's version of the transaction, we conclude that the finding of the chancellor that the money was turned over to the bank

by Mrs. Phillips for the purpose of paying the note in question, is fully supported by the evidence.

Complaint is made that the report of the bank examiner, who audited the books of the bank, was improperly received in evidence. It appears that this report was filed as part of the deposition of the defendant, Keeton, and while defendant objected thereto, no exception was saved and acted on by the chancellor. Under the uniform ruling of this court, an error in the admission of improper evidence by deposition is waived, unless an exception is saved and acted on by the trial court. Hancock v. Chapman, 170 Ky. 99, 185 S. W. 813; Skidmore v. Harris, 157 Ky. 756, 164 S. W. 98.

Judgment affirmed.