## Roberson, et al. v. Roberson.

(Decided January 24, 1919.)

Appeal from Ballard Circuit Court.

1. Appeal and Error—Depositions—Failure to Except to.—Evidence in a deposition, even though incompetent and to which objections were entered when given, can not be disregarded upon appeal where no exceptions were filed and the competency was not presented or passed upon in the lower court.

2. Appeal and Error—Finding of Chancellor.—The chancellor's judgment upon a question of fact will not be reversed where the evidence is not convincing and the mind is left in doubt.

J. B. WICKLIFFE for appellants.

HENRY TURNER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from so much of the judgment awarding appellee possession of about one-half acre of land, as dismissed the counterclaim of appellant, Julia Roberson, as administratrix of her deceased husband, Thornton Roberson, Jr., in which she sought a lien upon the land involved, which she alleged her intestate held under a parol gift from appellee, his father, for the amount its vendible value had been increased by the improvements erected thereon by the decedent during his occupancy.

1. The first question urged upon us, is as to the competency of the testimony of the appellant, Julia Roberson on the one side, and of appellee, Thornton Roberson, upon the other; but the objections to· this evidence were simply made and noted at the taking of the depositions, no exceptions were thereafter filed, and the question was not presented or ruled upon in the lower court, hence the objections will be regarded as waived, and can not be considered or the evidence disregarded in this

court.   Section 589, Civil Code.   Hancock v. Chapman, 170 Ky. 99, 185 S. W. 813.

2.   Upon the questions of fact involved as to whether the decedent held the land under a parol gift from his father, and made the improvements on same as claimed by appellant, or simply occupied the land as the tenant of his father, who furnished the material for the improvements, as claimed by appellee, the testimony is in substance as follows:

Julia Roberson testified that she heard appellee tell her husband that "the first seven acres on the road belonged to him, that he gave it to him, and to go ahead and build his home;" that appellee theretofore had made a will by which he told her he had devised these seven acres to her husband.   Eula Roberson and Mary Green testfied that appellee, a few days before his son died, said in their presence, he had given to him "seven acres of land, and that he could build upon it, and that he had built upon it."   Alex Turner testified to the same effect, but his testimony is thoroughly discredited by impeaching witnesses.

All of this is denied by appellee, and he proved by his daughter, Mittie Durrell, that deceased told her at about the time the building was erected, that he built it, but his father furnished the money, and by Virgil Durrell, that the deceased told him a short time before he died, that he was going to move away from the land if his brother remained there, as there was not land enough there for both of them, and that there was but one team."   All of the testimony shows that decedent, during all of his married life of about sixteen years, lived upon and as a tenant cultivated his father's land; that during the first eight years he lived in an old house, some of the materials of which were used in constructing the new one, which he occupied from the time it was built until his death; that both houses were in the same enclosure and near appellee's dwelling, with but one gate or entrance from the road, used by all parties.

In addition to this, it is rather conclusively shown that the father furnished the rough lumber and shingles, and although one witness testified for appellant, that he saw decedent pay for some of the material that went into the house, no witness contradicts the statement of appellee that he furnished the money to the decedent, with which to pay for same.   As will be seen, the testimony

for appellant is that appellee gave to his deceased son seven acres of land, but there is no claim even that deceased ever took possession of or claimed seven acres, or that the house is on "the first seven acres on the road," or that he ever marked off or inclosed or listed any part of it for taxation, or had any possession or control of any part thereof, except the house in which he lived, and as to whether he occupied that as owner or tenant, there is no evidence whatever, except the testimony of his widow upon the one hand, and his father upon the other. It is therefore obvious that from a consideration of the evidence as a whole, it is very doubtful whether appellee ever gave the land by parol to his deceased son, and as to which built the house; and upon such testimony we would not be authorized to reverse the judgment of the chancellor. Farmer v. Cornett, 174, Ky. 560; Bank of Willard v. Pa. & Ky. Fire Brick Co., 175 Ky. 192.

Wherefore, the judgment is affirmed.