## Goodan, et al. v. Goodan, et al.

(Decided April 25, 1919.)

## Appeal from Carter Circuit Court.

1. Appeal and Error—Depositions—Exceptions—Necessity of Ruling.
—Waiver.—An error in the admission of improper evidence by
deposition is waived, unless an exception is saved and acted on
by the trial court.

2. Gifts—Gift Inter Vivos—What Constitutes.—To constitute a valid
gift inter vivos, there must be a gratuitous and absolute transfer
of the property from the donor to the donee, taking effect imme-
diately, and fully executed by a delivery by the donor and ac-
ceptance by the donee. Where future control over the property
remains in the donor until his death, there is no valid gift inter
vivos.

3. Gifts—Gift Inter Vivos.—A valid gift inter vivos, with postpone-
ment of enjoyment, may be made if there is an unconditional de-
livery, and donor parts with all present and future control over
the property.

4. Gifts—Gift Inter Vivos—Delivery.—It is not necessary to a valid
gift inter vivos that delivery be made to the donee personally.
It may be made to a third person as agent or trustee for the use
of the donee.

5. Gifts—Gift Inter Vivos—Delivery—Trust.—Where property is de-
livered to one with the distinct agreement that he shall distribute
certain portions of it to others and shall retain a portion for him-
self, he is not the agent of the donor but is himself a donee, and
a trustee for the other donees, and a delivery to him is sufficient.

6. Gifts—Gift Inter Vivos—Acceptance.—The acceptance of a gift by
one who is a joint donee and trustee for the other donees is not
only sufficient as to him but inures to the benefit of the other
donees.

B. S. WILSON and G. W. E. WOLFFORD for appellants.

THEOBALD & THEOBALD for appellees.

Opinion of the Court by William Rogers Clay, Com-
missioner—Affirming.

John M. Goodan died unmarried and intestate in Car-
ter county on April 27, 1914, leaving as his only heirs,
Charles F. Goodan, L. W. Goodan and J. E. Goodan, chil-
dren of his brother, S. W. Goodan, his brothers, T. L.
Goodan, P. W. Goodan and F. W. Goodan, and the chil-
dren of a deceased sister. Claiming that John Goodan
had left an estate of $20,000.00, which R. S. Goodan,
T. L. Goodan and others had appropriated and divided

among themselves, plaintiffs, Charles F. Goodan, L. W. Goodan, J. E. Goodan, children of S. B. Goodan, deceased, and Susan Goodan, his widow, brought this suit against R. S. Goodan, T. L. Goodan, and others to recover their shares of the estate of the decedent. On final hearing the petition was dismissed and plaintiffs appeal.

The depositions of R. S. Goodan and T. L. Goodan were taken by plaintiffs, and on their direct examination they testified that the decedent, John Goodan, left no estate at the time of his death. On cross-examination they testified in substance, that several months prior to his death John Goodan was the owner of an estate worth about $8,000.00. The estate consisted of a joint certificate of deposit in an Oklahoma bank, the decedent's interest therein being worth $4,135.00; a $300.00 title bond against John M. Maggard; a $3,000.00 note executed by J. W. Strother and a certain amount in cash. On April 16, 1913, John Goodan delivered to R. S. Goodan the following assignment, which was recorded in the Carter county clerk's office:

"*To whom it may concern*:

I have this day given to R. S. Goodan without reservation or condition the following:

1st. Four thousand one hundred and thirty five ($4,135) dollars, it being my part in a joint bank certificate held by us in the Guaranty State Bank of Muskogee, Oklahoma, also one title bond held against John M. Maggard for three hundred ($300.00).

"JOHN GOODAN."

The certificate of deposit was subsequently surrendered and a new certificate of deposit issued by the Oklahoma bank to R. S. Goodan. At the same time he turned over the title bond, cash on hand, and endorsed and delivered to R. S. Goodan the Strother note for $3,000.00 with directions to pay $500.00 to F. W. Goodan, $500.00 to P. W. Goodan, $2,000.00 to T. L. Goodan and retain the balance for himself. Decedent gave as his reason for so doing that he wanted to transact the business himself and to give his property to those whom he wanted to have it, and that he did not want any lawyers, or any trouble, or any will. R. S. Goodan distributed the property among the donees in accordance with the directions of the decedent. It further appears that the decedent parted with all dominion over the property and never

thereafter exercised or claimed the right to exercise any control over it.

It is first insisted that the court should have sustained plaintiffs' exceptions to certain portions of the depositions of R. S. Goodan and T. L. Goodan on the ground that they related to transactions had with, and to statements made by, John Goodan, who was then dead. It appears, however, that the exceptions were not acted on by the trial court. Under the uniform ruling of this court, an error in the admission of improper evidence by deposition is waived, unless an exception is saved and acted on by the trial court. Keeton, et al. v. Mahan, et al., 177 Ky. 85, 197 S. W. 519; Skidmore v. Harris, 157 Ky. 756, 164 S. W. 98.

To constitute a valid gift *inter vivos,* there must be a gratuitous and absolute transfer of the property from the donor to the donee, taking effect immediately, and fully executed by a delivery of the property by the donor and acceptance thereof by the donee. Where future control over the property remains in the donor until his death, there is no valid gift *inter vivos.* Foxworth v. Adams, 136 Ky. 403, 124 S. W. 381, 27 L. R. A. (N. S.) 308; Reynolds v. Thompson, 161 Ky. 772, 171 S. W. 379. It is not insisted that the delivery of the property in question was not sufficient. There was an actual delivery of the bond, note and cash, and a constructive delivery of the cash on deposit in the Oklahoma bank. It is contended, however, that R. S. Goodan was the mere agent of the donor, and as the property was not to be distributed until the death of the donor, the gift never went into immediate effect, nor was it accepted by the donees. In support of this contention, the cases of Duncan's Admrs. v. Duncan, 5 Litt. 12; Walden's Admrs. v. Dixon, 5 T. B. Mon. 170, and similar cases are relied on. In the first case, intestate delivered certain bonds to one Hanks, telling him to keep them until he called for them; that his wife and her children were wasting his estate; that he was afraid to keep the bonds in his house lest he should be robbed, and that if he did not call for the bonds, they were to be given, after his death, to his children by his first wife. The court held the gift invalid on the ground that Hanks was the mere agent of the donor, and it was the duty of Hanks to restore the bonds to the donor if he called for them. That being true, there was no delivery of the bonds to the donee. In the second case mentioned

above, the evidence showed that a day or two before the intestate left Kentucky he told the witness that he had given up his mare to the defendant, and that if he never returned defendant was to have her, but if he returned, he (intestate) was to have her again.  The court held that the intestate never parted with dominion over the property and that the gift never became effective.  Manifestly, the rule announced in these cases has no reference to the case under consideration.  Here there was an absolute delivery of the property.  There was no condition on which the donor was to resume control or dominion over it.  It went into effect at once, and the mere fact that the enjoyment of the property was postponed until the donor's death in no wise affected the validity of the gift, it being well settled that a valid gift *inter vivos,* with postponement of enjoyment, may be made if there is an unconditional delivery and donor parts with all present and future control of the property.  Wooley v. Taylor, et al., 45 Utah 227, 144 Pac. 1094; Bostwick v. Mahaffy, 48 Mich. 342, 12 N. W. 192; McNally v. McAndrew, 98 Wis. 62, 73 N. W. 315; Talbot v. Talbot, 32 R. I. 72, 78 Atl. 535, Ann. Cas. 1912c, 1221; Calkins v. Equitable Bdg. & L. Ass'n, etc., 126 Cal. 531, 59 Pac. 30; Smith v. Youngblood, 68 Ark. 255, 58 S. W. 42.  It is also the rule that the delivery need not be made to the donee personally.  It may be made to a third person as agent or trustee for the use of the donee.  Reynolds v. Thompson, *supra;* Love v. Francis, 63 Mich. 181, 6 Am. St. Rep. 290; Estate of Smith, 144 Penn. St. 28, 28 Am. St. Rep. 641; Boyle's Admr. v. Dinsdale, 143 Pac. 136.  Here, R. S. Goodan was in no sense the agent of the donor.  He was not only one of the donees, but received the property with the distinct agreement that he was to deliver certain portions thereof to the other donees.  He thus became a trustee for the other donees, and the delivery to him for them was sufficient, and being both a joint donee and trustee for the other donees, we conclude that his acceptance was not only sufficient as to him, but inured to the benefit of the other donees.  Love v. Francis, *supra.*  Since the gifts to the defendants were valid, it follows that there was no property in their hands which plaintiffs were entitled to recover.

Judgment affirmed.