## Johnson v. Johnson.

(Decided May 2, 1919.)

### Appeal from Pike Circuit Court.

Appeal and Error—Finding of Chancellor.—Evidence upon the issue whether contract sued on was contract of the alleged maker, examined and held to sustain decision of the chancellor dismissing the petition.

CLINE & STEELE for appellant.

WILLIS STATON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant brought this action against Victoria M. Johnson, the only heir of Callie Williamson, deceased, seeking to enforce specific performance of a contract in writing alleged to have been executed and delivered to him by Callie Williamson, for the sale and conveyance of an interest in real estate.

The defenses interposed are: (1) That Callie Williamson did not own any interest in the tract of land de-

scribed in the petition; (2) that the written contract did not sufficiently describe the land to take it out of the Statute of Frauds; (3) that Callie Williamson at the time the contract was alleged to have been executed, was a married woman, and as her husband did not join with her, the contract was void, and (4) that Callie Williamson did not execute the contract sued on. Upon trial the chancellor dismissed the petition and plaintiff appeals.

It will not be necessary for us to decide or consider any of these issues raised by the answer, except the last one, since we are of the opinion the judgment must be affirmed upon the evidence as to whether or not the instrument sued upon was the act of Callie Williamson.

Only the appellant testified in his behalf on this issue, and while his evidence upon this question, a transaction between himself and a deceased person, was clearly incompetent, and the defendant at the time he gave his deposition objected thereto and had an exception noted, still the trial court did not act upon the question of its competency, and the objection must upon appeal be considered as having been waived. Hancock v. Chapman, 170 Ky. 99, 185 S. W. 813; Skidmore v. Harris, 157 Ky. 756, 164 S. W. 98; Keeton, &c., v. Mahan, &c., 177 Ky. 85, 197 S. W. 519; Goodan v. Goodan, decided April 25th, 1919. So considering this evidence for appellant, appellee introduced in contradiction thereof, the testimony of two sisters of Callie Williamson, each of whom testified that neither the written contract sued on nor the signature of Callie Williamson thereto was in her handwriting, and that she had told them before her death and after the contract was alleged by appellant to have been executed by her, that she had never executed any such contract. Although appellant testified that the contract was executed by the decedent in the presence of two other persons, he did not introduce either of these parties as witnesses. Upon the evidence upon this issue alone, the chancellor was warranted in concluding that the contract sued on was not the act of Callie Williamson.

Wherefore, the judgment must be and is affirmed.