## Farley et al. v. Gibson et ux.

(Decided April 29, 1930.)

(As Extended on Denial of Rehearing September 23, 1930.)

WHEELER & HUGHES for appellants.

W. A. BERRY for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

J. E. Thompson died intestate, the owner of two farms in the county of McCracken and of two improved lots in the city of Paducah. He was survived by his widow and two infant daughters, Virtrue and Beulah Thompson. Several years later the widow married W. B. Gibson. No assignment of dower to the widow, or formal partition of the property, was ever made, but in 1914, after the daughters had reached maturity and married, they conveyed to their mother the fee-simple title to the smaller farm, and, by agreement, divided the larger one between themselves.

Early in 1924 the mother died intestate, survived by her second husband and her two daughters. But for the deed made by the daughters to the mother, the surviving husband would have had no interest in any of the lands, since his wife would have had but a life interest. Parsons v. Justice, 163 Ky. 739, 174 S. W. 725; Chilton v. Chilton, 217 Ky. 259, 289 S. W. 275; Elkhorn Land & Improvement Co. v. Wallace, 232 Ky. 741, 24 S. W. (2d) 560. As it was, and by virtue of the deed vesting a fee-simple title in Mrs. Gibson, the surviving husband was entitled to a life estate in one-third of the smaller farm. Ky. Stats., sec. 2132. Prompted by affection for their stepfather, and actuated by an oft-expressed desire of their mother that Mr. Gibson should have the use of that

particular land, the two daughters and their husbands conveyed the farm to Mr. Gibson. The deed recited a consideration of $1 and love and affection, and was without other consideration. It is alleged, however, that it was executed with the understanding and agreement that the grantee would make a will devising the land to the two daughters. Gibson again married and declined to make any will or otherwise to comply with his contract. This action was filed against Gibson and his present wife by the two daughters of his former wife setting up the facts indicated and seeking to reform the deed so as to convey a life estate to Gibson, with remainder to the female grantors. The circuit court dismissed the action. The plaintiffs have prosecuted an appeal.

It is apparent that the deed may not be reformed. The agreement proven by the plaintiffs was to the effect that the deed should be made as it was, and that Gibson, the grantee, would then make a will devising the land to the female grantors. It is not denied that a deed may be reformed in equity, but the grounds of such reformation are mutual mistake of the parties, or mistake upon one side and fraud or inequitable conduct on the other. It is prerequisite to the right of reformation that there should be a pre-existing agreement of the parties covering the subject-matter, which agreement the writing failed to express, and which failure was due to a mutual mistake of the parties, or to a mistake of one of the parties and fraud or inequitable conduct of the other. City of Campbellsville v. Taylor County Tel. Co., 229 Ky. 843, 18 S. W. (2d) 305. No mistake was made in this instance respecting the terms of the deed. Nothing was omitted from it. It was carefully prepared to carry out the alleged agreement that the fee-simple title to the property should be conveyed to Gibson, and that he should enjoy the use of the property during his life. If Gibson obtained the execution of the deed by an agreement to devise the land, which agreement he did not intend to perform, he may have perpetrated a fraud sufficient to authorize a cancellation of the deed, rescission of the contract, or some other relief. Cf. Becker v. Neurath, 149 Ky. 421, 149 S. W. 857. But such a fraud or breach of contract does not authorize reformation of the deed. 34 Cyc. 922; Whitt v. Whitt, 145 Ky. 367, 140 S. W. 570; Olmstead v. Michels (C. C.) 36 F. 455, 1 L. R. A. 840.

It does not follow, however, that no relief may be granted. It is provided by the Civil Code that "the petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled; and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled." Civil Code of Practice, sec. 90. If defense be made, a judgment may be rendered for any relief to which the plaintiff may appear to be entitled and which is within the jurisdiction of the court to grant. Alexander v. Owen County, 136 Ky. 420, 124 S. W. 386; Cooper v. Williamson, 191 Ky. 213, 229 S. W. 707; Bridgeford v. Barbour, 80 Ky. 529; Heckling v. Gehring, 100 S. W. 824, 30 Ky. Law Rep. 1198; Harbison-Walker Refractories Co. v. McFarland's Adm'r, 156 Ky. 44, 160 S. W. 798. In this case the facts were stated, and there was a general prayer for appropriate relief. Since a defense was interposed, and the case was fully prepared, it was within the power and province of the court to render such judgment as might be required to effectuate the rights of the parties.

This brings us to a consideration of the merits of the case and a determination of the appropriate relief to be granted. It was proven that the deed was made to Gibson with the definite understanding that he would make a will devising the property to the grantors. Whilst Gibson denied some of the facts stated, upon the whole evidence, there is no escape from the conclusion that the deed was made upon the condition and with the agreement that Gibson would make a will devising the property to the two ladies. He sought to show that the deed was made because of the wish of his former wife that he should have the use of the land. But she was equally solicitous that the title to the property should be kept in her family. The case must be disposed of upon the established fact that there was an agreement on the part of Gibson to make a will devising the land to the girls, and he accepted the title thereto upon that condition. It is argued that the husbands of the two girls were not competent witnesses for the plaintiffs, but that question is not presented. No exceptions to the depositions of the husbands were filed, and no ruling obtained thereon in the trial court. In that situation we consider the evidence as though it had been admitted without

objection. Ford, Jr., v. Ford's Ex'r (Ky.) 26 S. W. (2d) 551, decided March 28th, 1930; Hancock v. Chapman, 170 Ky. 99, 185 S. W. 813; Keeton v. Mahan, 177 Ky. 85, 197 S. W. 519; Roberson v. Roberson, 183 Ky. 45, 208 S. W. 19; Johnson v. Johnson, 184 Ky. 131, 211 S. W. 557.

Since the opinion of this court in the case of Becker v. Neurath, 149 Ky. 421, 149 S. W. 857, was announced, it has been the rule in this jurisdiction that a parol agreement by a grantee in a deed that he would devise the property conveyed to certain specified persons created a constructive trust which would be enforced in equity where the rights of creditors or purchasers were not involved. In that case a grantor had made a conveyance to his wife upon her promise at the time or before the conveyance was made to use and occupy the land during her life, and at her death, to give it to his children. The agreement, although oral, was enforced. In Chapman's Ex'r v. Chapman, 152 Ky. 345, 153 S. W. 434, it was held that such an agreement respecting realty created an enforceable trust which was not extinguished by the subsequent marriage of the trustee or annulled by the trustee's later will. The property was impressed with the trust, and could not be disposed of in violation of it. In Erdman v. Kenney, 159 Ky. 509, 167 S. W. 685, a parol promise of the grantee in a conveyance of land to hold it in trust for the one furnishing the consideration was enforced. In Taylor v. Fox's Ex'rs, 162 Ky. 804, 173 S. W. 154, it was held that one who procured a testator to devise land to him upon his promise to hold it for the benefit of another was bound by the trust, which would be enforced in equity upon parol testimony. In Vizard Investment Company v. York, 167 Ky. 634, 181 S. W. 370, the principle of Becker v. Neurath, supra, was expressly recognized. In Bates v. Bates, 182 Ky. 566, 206 S. W. 800, a trustee had disposed of the trust property, but he was required in equity to make an accounting for the proceeds.

In Rudd v. Gates, 191 Ky. 456, 230 S. W. 906, it was held that a devisee, under a parol agreement with a devisor to receive, hold and dispose of the property in a given way, was subject to a constructive trust which equity would enforce. It was further held that, notwithstanding the absolute character of the devise, oral testimony was sufficient to establish the trust. The

principle has been applied recently in two cases. Belcher v. Belcher's Adm'r, 227 Ky. 665, 13 S. W. (2d) 1019, and Shrader's Ex'r v. Shrader, 228 Ky. 374, 15 S. W. (2d) 246. Convinced of the accuracy and adhering to the principles of these cases, it is the duty of the court to follow them in the instant case. The property in question must be held in trust by Gibson for his own use during his life, and the remainder estate, upon the death of Gibson, vested in the female plaintiffs.

It may be suggested that no cause of action could arise upon the contract during the life of Gibson, inasmuch as he might make the will at any time before his death. But, when a trustee repudiates the trust, a present right of action accrues to vindicate the rights of the beneficiaries, and to prevent a loss or impairment of the trust estate. 39 Cyc. 603; Alley v. Alley, 91 S. W. 291, 28 Ky. Law Rep. 1073; Treadway v. Pharis, 90 Ky. 663, 14 S. W. 909, 12 Ky. Law Rep. 639; Elam v. Alexander, 174 Ky. 39, 191 S. W. 666; Frey v. Clark, 176 Ky. 662, 197 S. W. 414. Cf. Hargis v. Flesher Petroleum Co., 231 Ky. 442, 21 S. W. (2d) 818, and Fidelity & Deposit Co. v. Brown, 230 Ky. 534, 20 S. W. (2d) 284. The argument based upon the assumption that the allegations of the answer were undenied overlooks the fact that the pleading, by an agreed order, was traversed of record.

The circuit court should render a judgment impressing upon the property a trust in favor of the female plaintiffs vesting in them the ownership of the property, subject to a life estate in favor of W. B. Gibson.

The judgment is reversed for proceedings consistent with this opinion.