## Black v. Noel's Administratrix.

(Decided June 16, 1931.)

ALLEN PREWITT, ED. C. O'REAR and JAMES H. POLSGROVE for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

This appeal requires only a consideration of the facts, and the proper weight to be given to the findings of the chancellor thereon. The appellant alleges that the deceased, S. M. Noel, "is indebted to him in the sum of

$2,127.00, the amount due him as his share of the profits upon a certain lot of horses and mules which were purchased by him and in the year 1919, under a partnership agreement entered into at said time''; that Noel collected the money for which the horses and mules were sold, and failed to make a settlement and pay him his share of the profits.

Noel died in the year 1924; Cecil V. Noel qualified as the administratrix of his estate. This action was filed on the 8th day of January, 1925. In May, 1927, appellee filed answer. In it, it is stated, ''the affirmative matter contained in the pleadings of plaintiff having been controverted of record, and defendant desiring to plead further, for further answer she alleges that the transaction set up in plaintiff's petition occurred in 1919, and that the horses and mules were sold in the latter part of 1919, and the early part of 1920; that plaintiff's claim has become stale, and that by reason thereof, ought not to be permitted to assert same.''

The deposition of appellant was taken. A determination of this case turns on the admission or rejection of his testimony. If it is rejected and even if the other testimony offered be considered as sufficient to establish a partnership between the appellant and the decedent, in that event it is doubtful if the evidence affords facts upon which a settlement of the partnership might be based. If it is admitted, the partnership is established and the premises furnished upon which the partnership may be settled, and a settlement made according to the theory of the appellant. Exceptions were filed to the testimony of the appellant but not acted upon by the court. The commissioner based his report thereon in which he allowed the claim of the appellant. The appellee excepted to the commissioner's report, and the exceptions were sustained. Judgment was renderd dismissing the petition, from which this appeal was taken and is now prosecuted.

Before reaching the merits of the question presented for determination, we must first determine the competency of the testimony of the appellant as it is presented by the record.

Subsection 2 of section 606, Civil Code of Practice, is an inhibition against the admission of a person testifying for himself ''concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by . . . one who is . . . dead when the

testimony is offered to be given except for the purpose, and to the extent, of affecting one who is living, and who, when over fourteen years of age and of sound mind, heard such statement, or was present when such transaction took place, or when such act was done or omitted.''

One to avail himself of this Code provision must file exceptions in writing in the trial court to such testimony when taken by deposition, and cause the court to pass upon the competency of such testimony. Otherwise his failure to follow up his exceptions, when filed, by having the court to pass upon same, will be regarded in this court as a waiver of objections to such testimony. Johnson v. Johnson, 184 Ky. 131, 211 S. W. 557; Ford, Jr., v. Ford's Ex'r, 233 Ky. 673, 26 S. W. (2d) 551; Hancock v. Chapman, 170 Ky. 99, 185 S. W. 813; Keeton v. Mahan, 177 Ky. 85, 197 S. W. 519; Roberson v. Roberson, 183 Ky. 45, 208 S. W. 19; City of Somerset v. Gardiner, 228 Ky. 512, 15 S. W. (2d) 303; Hale v. Hale, 189 Ky. 171, 224 S. W. 1078; Goodan v. Goodan, 184 Ky. 79, 211 S. W. 423.

The filing of the exceptions to the deposition is not sufficient unless the objector insists on the objection being acted upon by the court. The requirement of appellate practice is not obviated by mere objections at the time the deposition is taken, nor by merely filing written objections in court. Roberson v. Roberson, 183 Ky. 45, 208 S. W. 19; Johnson v. Johnson, supra; Hancock v. Chapman, supra; Keeton v. Mahan, supra. Therefore the deposition of the appellant must be considered in all respects for all purposes in this court. It is a familiar, fixed rule of this court in equity cases that ''this court must read the record for itself, and, if the finding of the trial court fails to accord with the evidence as construed by it, and its own reading of the record results in a clear conviction how the case should be decided, it is its duty and within its province to direct the judgment that accords with its views of the rights of the parties.'' Ford v. Ford's Ex'r, supra; Lewis v. Shell, 205 Ky. 624, 266 S. W. 254; Downing v. Whitlow, 211 Ky. 294, 277 S. W. 262; Walker v. Walker, 228 Ky. 357, 15 S. W. (2d) 298; Turner v. Hammock, 229 Ky. 839, 18 S. W. (2d) 285; Katz v. Scott, 229 Ky. 738, 17 S. W. (2d) 1024.

Viewing this case in the light of the authorities supra, and of the testimony of the appellant himself, it is clear that his claim against the decedent is a just one,

and that the chancellor erred in sustaining exceptions to the master commissioner's report of it.

The judgment is reversed, with directions to enter a judgment for appellant in conformity with this opinion.