## Hayes v. Burton et al.

(Decided Dec. 11, 1934.)

B. J. BETHURUM and S. D. LEWIS for appellant.

WILLIAMS & DENNEY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On October 2, 1929, C. E. Burton and his wife, Mary Burton, and Leonard W. Hysinger, of Hamilton, Ohio, conveyed to Fred Hayes, of Mt. Vernon, Ky., a tract of land consisting of about 113 acres, located in Rockcastle county, and known as the "S. D. Hysinger homestead." The consideration was $500 cash, and five notes for $700 each, payable at various times. One of the notes was executed to C. E. Burton and the remaining notes, four in number were executed to Mary Burton and Leonard Hysinger.

Hayes having defaulted in the payment of the notes executed to them, Mary Burton and Leonard Hysinger brought this suit to recover on the notes and enforce a vendor's lien on the land. Hayes denied that plaintiffs

had any lien on 42 acres of the land conveyed, and introduced evidence in support of that position. On final hearing, plaintiffs were awarded a lien on the entire farm, and Hayes appeals.

The facts pleaded and relied on to show that plaintiffs were not entitled to a lien on the 42 acres of land are these: The entire farm consisting of about 113 acres belonged to S. D. Hysinger at the time of his death. Not long after his death the land was partitioned between his widow, Mary Hysinger, and two children, Pearl Hysinger Ball and Leonard Hysinger, the widow receiving the homestead, Leonard Hysinger receiving that part of the farm below the mansion house, and Pearl Hysinger Ball receiving the remaining 42 acres which were conveyed to her by the commissioner. Later on Pearl Hysinger Ball and her husband sold and conveyed her part of the land to C. E. Burton, who, in the meantime, had married the widow of S. D. Hysinger. The deed to Hayes was prepared in Kentucky and forwarded to the grantors who lived in Ohio. The deed did not name the payees of the notes, and did not reserve any lien on the land conveyed. Of the five notes for $700 each, one was executed to C. E. Burton, and the remaining four to Mrs. Burton and Leonard Hysinger jointly. At the time of the conveyance to Hayes, the tract which C. E. Burton had purchased was mortgaged for $500. Hayes paid off the mortgage and also the note which he had executed to Burton. In this way it is claimed that the 42-acre tract was paid for, and that Mrs. Burton and Leonard Hysinger, who had no interest whatever in that tract, should not have been adjudged a lien thereon to secure the payment of their notes.

Appellees insist that the judgment was proper for the reason that, in the absence of fraud or mistake, parol evidence was not admissible to vary or alter the terms of the deed. In view of the fact that no lien on the land conveyed was retained in the deed, and the deed did not give the names of the grantors to whom the various notes were executed, or specify the interest that each had in the premises, it may be doubted if the evidence heard tended in any way to alter or vary the terms of the contract between the parties; but, be this as it may, it must not be overlooked that no exceptions to the depositions of the witnesses were filed or passed on by the trial court, and where that is the situation this

court will treat the case as if no question had been made as to the competency of the witnesses, or to the admissibility of their testimony, and will consider their evidence. Civ. Code Prac. sec. 589; Hancock v. Chapman, 170 Ky. 99, 185 S. W. 813; Hatfield's Adm'r v. Hatfield, 166 Ky. 761, 179 S. W. 832.

Taking up the facts we find the following situation: The partition of the 113-acre tract of land was approved and deeds ordered to be made to the parties. The 42-acre tract allotted to Pearl Hysinger Ball was conveyed to her. This ended the rights of Leonard and the widow in the property. The property was then sold to C. E. Burton. In closing the transaction, a $500 mortgage on the 42-acre tract was paid off, and the $700 note executed to Burton was also discharged. This ended the lien in favor of C. E. Burton. The question then is, whether Mrs. Burton and Leonard were entitled to a lien on the 42-acre tract to secure them in the payment of the four notes executed to them jointly. In the case of George W. Bramlette v. John D. Ellington et al., 10 Ky. Op. 380, one of the grantors in the deed owned two-thirds and the other one-third of the land conveyed, and notes were executed to each for his interest. "They retained a lien on the land until the whole purchase money should be paid." In holding that each of the grantors had a lien for the sum due him on the interest he conveyed, and no more, the court said:

"But by express stipulation 'they retained a lien on the land until the whole purchase money should be paid,' and it is contended that thereby each acquired a lien on the interest conveyed by the other. We do not think so. They retained a lien. This presupposed that a lien already existed. Such was not the fact; each had a lien upon his own share, but he had no lien on the share of the other, and could not retain what he never had. This results necessarily from the fact that stating in the deed what part of the purchase money remains unpaid merely preserves a lien already existing, and does not create a lien. When the parties retained a lien they must be understood to have referred to the lien created by law, and not to have intended to create a new lien."

Manifestly, the same rule applies to the facts of this case. Neither Mrs. Burton nor Leonard Hysinger had

any title to the 42-acre tract of land allotted to Pearl Hysinger Ball and conveyed by her and her husband to C. E. Burton, and embraced in the deeed to Hayes. Regardless of the fact that they were grantors in the deed, the law did not give them a lien on land which they did not own. It was therefore error to order a sale of the 42-acre tract of land.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.