## Cox et al. v. Monday et al.

(Decided June 16, 1936.)

806

STEPHENS & STEELY for appellants.

C. B. UPTON and R. L. POPE for appellees.

JOE S. FEATHER warning order attorney.

W. R. HENRY guardian ad litem.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming in part and reversing in part.

Martha Cox, assuming that she was the widow of W. J. Cox, qualified as administratrix of his estate. As administratrix and individually, she brought this action under section 428, Civil Code of Practice, against his heirs, to settle his estate. Individually, she alleged that in 1926 she had loaned W. J. Cox $900 which he agreed to pay back to her, and which he had used in paying the purchase money for the tract of land first described in the petition; and that he was indebted to her by reason thereof, $900 with interest at 6 per cent. per annum from the —— day of ——, 1926, until paid.

. W. J. Cox's heirs traversed the petition. Later, they filed an amended answer and counterclaim, reiterating their denial and pleaded the statute of limitation of five years. Nellie Cox Belcher, a daughter of W. J. Cox, by an apropriate pleading, asserted title to the 2½ acres described in the petition, alleging that the mother of W. J. Cox conveyed it to him by deed containing this clause:

"That said W. J. Cox was to have said tract of land for and during the balance of his entire life and upon his death the title and ownership of said tract of land was to be in Nellie Cox Belcher,"

but that the deed had been altered and changed since its delivery by striking this clause therefrom. This portion of the answer was made a cross-petition against the other heirs of W. J. Cox. It was controverted by a reply. The court, on the evidence of the parties, dismissed the answer, counterclaim, and cross-petition; denied Nellie Cox Belcher title to the 2½ acres, and decreed that on Martha Cox's claim for the $900 and interest, she recover only $400 "with simple interest thereon at the rate of 6% per annum from the 3rd day

of October 1935 until paid,'' and directed the sale of the decedent's land to satisfy the same.

On this appeal she contends that the court erred in limiting the amount of her recovery to $400 and interest, and that she is entitled to recover the $900 with interest from 1926 until paid.

The court's judgment discloses that he accepted her evidence showing that she had loaned W. J. Cox $900; he had agreed to pay the same to her, and her cause of action, therefore, was not barred by limitation.

The evidence developed that Martha Cox, before her intermarriage with W. J. Cox, commenced to, and did, take care of Mr. Steele for some time prior to her marriage to Cox. And before their marriage Steele had deeded her a tract of land, in consideration of her services, performed and to be performed, for him. After Steele executed and delivered the deed to her, and after her marriage to Cox, he executed and delivered a deed conveying it to W. J. Cox, and thereafter a deed was executed by Martha Cox conveying it to her husband, W. J. Cox. It is her contention that when this land was sold and the consideration received for it, she turned $900 thereof over to W. J. Cox, on his promise to pay it back.

The evidence shows that after she and Cox were married, he placed improvements on the land of the value of about $300. There is some evidence that before the improvements were made it was of the value of about $600. It seems that the court by its judgment endeavored to adjust her and Cox's rights accordingly.

In their pleadings, not only they did not plead payment of the $900, or any portion of it, but did not make any claim concerning the improvements on the Steele land to which evidence was directed, on account of which the court seemingly reduced the amount of her recovery to $400.

Without pleadings presenting an issue relative thereto, or some indication of her waiver of the absence of pleadings concerning it, it was improper to credit her recovery by the value of the improvements or any part of it.

Whatever may have been the value of the land and the improvements placed on it by Cox at any time previous to his receiving of her the $900, if he recognized her right in the land and agreed to pay her the $900 as she claims, her cause of action is on his promise to her to pay it. If so, his estate should perform his promise, unless her cause of action arising thereon is barred by the statute of limitation.

The general rule is, a new promise to pay a debt not barred by limitation merely cuts off antecedent time and extends the period of statutory limitation from the date of the new promise. In such case an action thereon must be brought on the original promise, though it is not instituted until after the expiration of five years from the original promise; but where a debt is already barred by the statute of limitation, a new promise to pay it creates a new obligation, and the action must be brought on such new promise. Thornton's Adm'r v. Minton's Ex'r et al., 250 Ky. 805, 64 S. W. (2d) 158, 160, and cases cited.

An acknowledgement of a debt or a promise to pay it, to be sufficient in either case, must be made to the creditor or some person acting for him. Hargis v. Sewell's Adm'r, 87 Ky. 63, 7 S. W. 557, 9 Ky. Law Rep. 920; Davis v. Strange, 156 Ky. 420, 161 S. W. 217; Dowell v. Dowell's Adm'r, 137 Ky. 167, 125 S. W. 283; Thornton's Adm'r v. Minton's Ex'r et al., supra.

And the evidence establishing it must be clear, direct, positive, and unqualified, but no set form of words is necessary, nor is it required to be in writing. McGrew's Ex'r v. O'Donnell, 92 S. W. 301, 28 Ky. Law Rep. 1366; Harrison v. Handley, 1 Bibb, 443.

> "In general any language of the debtor to the creditor, clearly admitting the debt and showing an intention to pay it will be considered an implied promise to pay [17 R. C. L. 897, and is sufficient to cut off antecedent time and extend the period of statutory limitation] and will take the case out of the statute."

Thornton's Adm'r v. Minton's Ex'r et al., supra.

Since the trial court determined that the evidence was sufficient to establish Cox's promise to pay her

the $900, and to bring her right to recover within the scope of these principals, it remains for us to decide whether his judgment is sustained by the evidence. Reviewing it for ourselves, we are convinced that her testimony, corroborated by that of other witnesses who testified they had heard Cox state he owed her the $900 and intended to pay it back to her, fully sustains his finding that she loaned him the $900 in 1926, and before the expiration of five years, he had promised her to pay the same, and often thereafter had repeated to her his promise up to near the time of his death.

The parties in the preparation of the case, and in their briefs before us, have consumed time in discussing the marriage of Martha Cox and W. J. Cox to each other, and whether she knew at the time of her marriage that she had not been divorced from her former husband, and whether W. J. Cox imposed upon her previous to, and at the time of, his marriage to her, by representing to her that she had been divorced from her former husband and was qualified to marry him. These questions are immaterial and foreign to the question of her right to recover of his estate the $900. Evidence was directed to the deed executed by her to him, and its effect upon her title to the Steele land. These questions are likewise immaterial, and unrelated to her right to recover of his estate the $900.

W. J. Cox's heirs contend that her testimony is incompetent, and when it is excluded on the authority of subsection 2, sec. 606, Civil Code of Practice, there remains no other evidence supporting the judgment.

Section 586, Civil Code of Practice, requires exceptions to depositions to be in writing, specifying the grounds of the objections; filed with the papers of the case, and noted on the record. An examination of the record herein discloses the heirs of W. J. Cox failed to, and did not, comply with this Code provision. The record contains no exceptions, in writing or otherwise, to her testimony, as required by this provision. Black v. Noel's Adm'x, 240 Ky. 209, 41 S. W. (2d) 1100, 1101; Hall v. Hall, 241 Ky. 317, 43 S. W. (2d) 1001; Ratcliff's Guardian v. Ratcliff, 242 Ky. 419, 46 S. W. (2d) 504.

In the Black Case only the testimony of the creditor established his debt against the estate of the decedent. The contention was made in it, as in the present one, that subsection 2 of section 606, Civil Code of Practice, rendered h i s testimony incompetent, a n d, therefore, he was not entitled to recover of the estate. Of this, we said:

"One to avail himself of this Code provision must file exceptions in writing in the trial court to such testimony when taken by deposition, and cause the court to pass upon the competency of such testimony. Otherwise his failure to follow up his exceptions, when filed, by having the court to pass upon same, will be regarded in this court as a waiver of objections to such testimony. * * *

"The filing of the exceptions to the deposition is not sufficient unless the objecter insists on the objection being acted upon by the court. The requirement of appellate practice is not obviated by mere objections at the time the deposition is taken, nor by merely filing written objections in court. Robertson v. Robertson, 183 Ky. 45, 208 S. W. 19; Johnson v. Johnson, supra [184 Ky. 131, 211 S. W. 557]; Hancock v. Chapman, supra [170 Ky. 99, 185 S. W. 813]; Keeton v. Mahan, supra [177 Ky. 85, 197 S. W. 519]. Therefore the deposition of the appellant must be considered in all respects for all purposes in this court."

Inasmuch as the heirs of W. J. Cox filed in the circuit court no exceptions to her testimony, they cannot here avail themselves of the provisions of the Civil Code, inhibiting the admission of the testimony of a person testifying for himself, against a decedent's estate, to escape the weight and effect of her testimony.

The parties stipulated of record that Martha Cox's marriage to W. J. Cox was void. The court, therefore, properly denied her marital rights in his estate.

The Cox heirs argue that since it is conceded Martha Cox's marriage to W. J. Cox was void, she had no right to qualify as administratrix of his estate. The county court had exclusive jurisdiction to appoint and qualify her as administratrix. Its order appointing and qualifying her is final until vacated, modified, or annulled by a proper proceeding for that purpose.

It cannot be collaterally attacked in this action to defeat her recovery of the $900 and interest.

A cross-appeal has been granted herein to the heirs of W. J. Cox. In their brief they fail to, and do not, indicate any issue they conceive to be raised or presented by it. The cross-appeal, or the reason therefor, and the relief sought by it, are not mentioned in their brief. Therefore, all questions which are, or might be, raised by it, are regarded as waived.

Wherefore, the judgment is affirmed on the cross, reversed on the original, appeal, with directions to enter a judgment in her favor for $900 with interest from the first of January, 1927, until paid, in lieu of the $400 and interest, and for proceedings consistent herewith.